[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
Sentence Affirmed.
Michael Fitzpatrick, Esq., Attorney for the petitioner.
Robert Locavolle, Esq., Ass't State's Attorney for the State.
BY THE DIVISION
The petitioner was convicted, by jury, of the crimes of Assault First Degree in violation of Conn. Gen. Stat. 53a-59 (a)(3); Arson First Degree in violation of Conn. Gen. Stat. 53a-111(a)(2) and Attempted Murder in violation of Conn. Gen. Stat. 53a-49, CT Page 107653a-54a(a). At sentencing he was given ten years to serve on the Assault First, ten years to serve on the Arson First Degree and 20 years to serve on the Attempted Murder. All of the sentences were to be served consecutively for a total executed sentence of forty years to serve.
The convictions in this matter was based upon evidence which shows that on June 20, 1988 at the Bridgeport Community Correctional Center, an inmate was awakened after hearing screams from an adjacent cell. Fire was observed coming from the cell where the victim was housed. The person observing the fire attempted to assist the victim but was unable to open the cell door because it was tied closed with a bedsheet. As a result of the fire, the victim sustained second and third degree burns over 60% of his body. The treating physician described the burns to the victim as extensive and deep to his body, feet and legs. The victim was hospitalized from June 20, 1988 through August 4, 1988. He had scars on his arms and legs, and is partially disabled as a result of his injuries.
Petitioner denied setting the fire. However, the jury found him guilty as indicated.
At the sentence review hearing the petitioner's counsel argued that the forty year sentence imposed was unduly harsh and severe, equating the length of time to be served as commensurate with a conviction of murder.
The transcript reveals that the sentencing judge was told by petitioner's counsel that to "run these counts consecutively is unduly severe" . . . The transcript further reveals that the judge felt that the petitioner's acts were most contemptuous and that if his acts went unpunished no prisoner is ever going to be safe in a jail. The sentencing judge, in considering the gravity of the crime, noted that the petitioner acted above the law and in the cruelest possible manner to inflict maximum pain and maximum damage short of death. Based upon the necessity to deter others from such offenses it cannot be found that the sentence imposed was disproportionate, excessive or inappropriate.
Sentence Affirmed.
Norko, J. Purtill, J. Barry, J.
Norko, J., Purtill, J., and Barry, J., participated in this decision.